**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Molly A. Brooks
Sally J. Abrahamson
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz, admitted *pro hac vice*
Susan H. Stern, admitted *pro hac vice*
1515 S. Federal Hwy, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank Mazzaferro
475 Park Avenue South, 12th Floor
New York, NY 10016
Telephone: (212) 300-0375

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTINA KUCKER, SONNY URBINE, HILLARY ANDERSON, MAGDA ALEXANDRA SERENO, AMY DOIDGE, JILL FILIPPONE, and HEATHER BRADSHAW, on behalf of themselves and all others similarly situated,<br><br>                 Plaintiffs,<br>   -against-<br><br>PETCO ANIMAL SUPPLIES STORES, INC.,<br><br>                 Defendant. | No. 14 Civ. 9983 (DCF) |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO 29 U.S.C. § 216(b)

**TABLE OF CONTENTS**

I. Petco Failed to Submit Any Evidence that Its Policy Varied at Any Salon ......................... 1

II. The Court Should Reject Petco's Attempt to Narrow the Evidence Against It. ................... 1

III. Plaintiffs' Evidence Warrants Conditional Certification of a National Collective .............. 3

IV. Minimal Differences in Compensation Are Irrelevant ........................................................ 5

V. Grooming Assistants and Pet Stylists Were Subject to the Same Requirement that They Purchase Their Own Tools ........................................................................................ 5

VI. Plaintiffs Amply Demonstrate that Pet Stylists and Grooming Assistants Nationwide Were Subject to a Common Policy that Violated the Law within the Limitations Period ................................................................................................ 6

VII. Plaintiffs' Proposed Notice Is Appropriate ........................................................................... 8

VIII. The Court Should Reject Petco's Request that Plaintiffs Hire a Third-Party Administrator to Issue Notice ................................................................................................ 9

IX. Conclusion ........................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                         **Page(s)**

*Ahmed v. T.J. Maxx Corp.*,
   No. 10 Civ. 3609, 2013 WL 2649544 (June 8, 2013)..................................................................8

*Alvarez v. IBM Rests. Inc.*,
   839 F. Supp. 2d 580 (E.D.N.Y. 2012) ........................................................................................1

*Amador v. Morgan Stanley & Co. LLC*,
   No. 11 Civ. 4326, 2013 WL 494020 (S.D.N.Y. Feb. 7, 2013) ...................................................8

*Anglada v. Linens N' Things*,
   No. 06 Civ. 12901, 2007 WL 1552511 (S.D.N.Y. May 29, 2007)............................................4

*Chhab v. Darden Rests., Inc.*,
   No. 11 Civ. 8345, 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013) .............................................7

*Diaz v. Scores Holding Co.*,
   No. 07 CIV. 8718, 2008 WL 7863502 (S.D.N.Y. May 9, 2008)...............................................9

*Dolinski v. Avant Bus. Serv. Corp.*,
   No. 13 Civ. 4753, 2014 WL 316991 (S.D.N.Y. Jan. 28, 2014).................................................6

*Donovan v. Burger King Corp.*,
   675 F.2d 516 (2d Cir. 1982).......................................................................................................7

*Eng-Hatcher v. Sprint Nextel Corp.*,
   No. 07 Civ. 7350, 2009 WL 7311383 (S.D.N.Y. Nov. 13, 2009) .............................................8

*Fang v. Zhuang*,
   No. 10 Civ. 1290, 2010 WL 5261197 (E.D.N.Y. Dec. 1, 2010) ...............................................9

*Flood v. Carlson Rests. Inc.*,
   No. 14 Civ. 2740, 2015 WL 260436 (S.D.N.Y. Jan. 20, 2015)........................................2, 3, 5

*Gordon v. Kaleida Health*,
   737 F. Supp. 2d 91 (W.D.N.Y. 2010) ......................................................................................10

*Grant v. Warner Music Grp. Corp.*,
   No. 13 Civ. 4449, 2014 WL 1918602 (S.D.N.Y. May 13, 2014)..........................................2, 4

*Guttentag v. Ruby Tuesday, Inc.*,
   No. 12 Civ. 3041, 2013 WL 2602521 (S.D.N.Y. June 11, 2013)..........................................4, 7

*Harhash v. Infinity W. Shoes, Inc.*,
   No. 10 CIV. 8285, 2011 WL 4001072 (S.D.N.Y. Aug. 25, 2011) ............................................5

*J.S. ex rel. Attica Central Schools*,
   No. 00 Civ. 513S, 2006 WL 581187 (Mar. 8, 2006) ................................................................10

*Kim Man Fan v. Ping's on Mott, Inc.*,
   No. 13 Civ. 4939, 2014 WL 1512034 (S.D.N.Y. Apr. 14, 2014) ...............................................2

*Laroque v. Domino's Pizza, LLC*,
   557 F. Supp. 2d 346 (E.D.N.Y. 2008) ........................................................................................4

*Lewis v. Wells Fargo & Co.*,
   669 F. Supp. 2d 1124 (N.D. Cal. 2009) ....................................................................................10

*Lopez v. JVA Indus., Inc.*,
   No. 14 Civ. 9988, 2015 WL 5052575 (S.D.N.Y. Aug. 27, 2015) .........................................7, 9

*Lujan v. Cabana Mgmt., Inc.*,
   No. 10 Civ. 755, 2011 WL 317984 (E.D.N.Y. Feb. 1, 2011) ....................................................4

*Lynch v. United Servs. Auto Ass'n*,
   491 F. Supp. 2d 357 (S.D.N.Y. 2007) ........................................................................................4

*Moore v. Publicis Groupe SA*,
   No. 11 Civ. 1279, 2012 WL 2574742 (S.D.N.Y. June 29, 2012) ..............................................1

*Morales v. Plantworks*,
   No. 05 Civ. 2349, 2006 WL 278154 (S.D.N.Y. Feb. 2, 2006) ..................................................8

*In re Penthouse Exec. Club Comp. Litig.*,
   No. 10 Civ. 1145, 2010 WL 4340255 (S.D.N.Y. Oct. 27, 2010) ..............................................1

*Pippins v. KPMG LLP*,
   No. 11 Civ. 0377, 2012 WL 19379 (S.D.N.Y. Jan. 3, 2012) ...........................................1, 8, 9

*Roach v. T.L. Cannon Corp.*,
   778 F.3d 401 (2d Cir. 2015) ......................................................................................................5

*Rosario v. Valentine Ave. Disc. Store, Co.*,
   828 F. Supp. 2d 508 (S.D.N.Y. 2011) ........................................................................................6

*Sanchez v. La Cocina Mexicana, Inc.*,
   No. 09 CIV. 9072, 2010 WL 2653303 (S.D.N.Y. July 1, 2010) ...............................................5

*Sharma v. Burberry, Inc.*,
   52 F. Supp. 3d 443 (E.D.N.Y. Sept. 4, 2014) ............................................................................4

*Smith v. Tradesmen Int'l, Inc.*,
   289 F. Supp. 2d 1369 (S.D. Fla. 2003) ......................................................................................4

*Strauch v. Computer Scs.Corp.*,
    No. 14 Civ. 956, 2015 WL 3727804 (D. Conn. June 9, 2015) .................................................9

*Trinidad v. Pret A Manger (USA)*,
    962 F. Supp. 2d 545 (S.D.N.Y. 2013) ...........................................................................................4

*Whitehorn v. Wolfgang's Steakhouse*, Inc.,
    767 F. Supp. 2d 445 (S.D.N.Y. 2011) ...........................................................................................2

*Zivali v. AT&T Mobility LLC*,
    646 F. Supp. 2d 658 (S.D.N.Y. 2009) ...........................................................................................2

**Statutes**

29 U.S.C. § 255(a) ...............................................................................................................................1

I.      **Petco Failed to Submit Any Evidence that Its Policy Varied at Any Salon.**

Petco's opposition glaringly ignores the only relevant inquiry here—whether other Pet Stylists and Grooming Assistants were required to purchase their own equipment.  If the policy varied from one pet salon to the next, Petco could have easily submitted evidence showing this.  Petco itself posits that "the only evidence that is truly probative of the Company's practices is testimony regarding purchases that occurred," Def.'s Br. 11, yet it did not submit a single declaration from a Pet Stylist or Grooming Assistant disproving Plaintiffs' evidence that Petco required them to purchase equipment.[1]  Instead, Petco launches premature attacks on the merits and focuses on damages questions that are irrelevant to Plaintiffs' motion.  Under this Circuit's precedent, Plaintiffs' evidence is sufficient to carry their light burden at this early stage.

II.     **The Court Should Reject Petco's Attempt to Narrow the Evidence Against It.**

Petco's argument that evidence from two of the seven Plaintiffs should not be considered because their claims fall *within* the FLSA's three-year statute of limitations period, but not the two-year period, is wrong.  Def.'s Br. 12.  Where willfulness is in dispute, as it is here,[2] a three-year statute of limitations applies at the conditional certification stage.  *Alvarez v. IBM Rests. Inc.*, 839 F. Supp. 2d 580, 587-88 (E.D.N.Y. 2012) (a three-year limitations period applies to willful violations); 29 U.S.C. § 255(a) (same).[3]  The declarations are proper evidence here.

---

[1]     Petco submitted *one* declaration from a Salon Manager, and *not* a potential collective member, who was hired in November 2014 for a new store.  ECF No. 43.  Regardless, this declaration addresses Petco's merits argument, which is inappropriate at this stage of the litigation.  *See Moore v. Publicis Groupe SA*, No. 11 Civ. 1279, 2012 WL 2574742, at *9 (S.D.N.Y. June 29, 2012) ("During this initial step, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits") (citations and quotations omitted).

[2]     Plaintiffs alleged in their First Amended Class and Collective Action Complaint ("AC") that Petco willfully violated the FLSA.  ECF No. 10 at ¶ 220.

[3]     Further, it is well-settled that notice should be sent to potential opt ins who worked over a three-period.  *In re Penthouse Exec. Club Comp. Litig.*, No. 10 Civ. 1145, 2010 WL 4340255, at *5 n.4 (S.D.N.Y. Oct. 27, 2010); *Pippins v. KPMG LLP*, No. 11 Civ. 0377, 2012 WL 19379, at

Petco's other complaints about Plaintiffs' evidence are equally unavailing.  *See* Def.'s Br. 12 nn.12-13.  First, the declarations of Plaintiffs Kucker and Urbine, who do not bring FLSA claims and worked outside the statute of limitations, are "still relevant at this stage of the inquiry because [they] make[] similar allegations and support[] [Plaintiffs'] claim of a common policy at [Petco] [that] violate[s] the FLSA."  *Kim Man Fan v. Ping's on Mott, Inc.*, No. 13 Civ. 4939, 2014 WL 1512034, at *3 (S.D.N.Y. Apr. 14, 2014); *Flood v. Carlson Rests. Inc.*, No. 14 Civ. 2740, 2015 WL 260436, at *2 n.3 (S.D.N.Y. Jan. 20, 2015) (same).

Second, contrary to Petco's argument, Def.'s Br. 12 n.12, courts "regularly rely" on "hearsay statements in determining the propriety of sending notice in FLSA collective actions," *Grant v. Warner Music Grp. Corp.*, No. 13 Civ. 4449, 2014 WL 1918602, at *4 (S.D.N.Y. May 13, 2014) (citation omitted), because the admissibility of plaintiffs' evidence is irrelevant at this early stage, *see Zivali v. AT&T Mobility LLC*, 646 F. Supp. 2d 658, 662 (S.D.N.Y. 2009).

Third, Plaintiff Sereno's statement that she was required to purchase tools that she did not use, *see* Def.'s Br. 12 n.13, does not disqualify her testimony that she was subject to Petco's uniform policy requiring its employees to purchase their own equipment.  For example, she testified that: (1) her grooming salon manager instructed her to purchase bathing tools necessary to perform her job, Ex. 9 (Sereno Tr.) 10:20-20:2, 25;5-7[4]; (2) her general manager instructed her to purchase grooming tools in order to qualify to do the job she was hired to perform, *id.* 22:12-24:10; and (3) Petco did not provide the equipment necessary to perform her job.  *Id.* 30:1-31:13.

---

*14 (S.D.N.Y. Jan. 3, 2012); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011).  Otherwise, if Plaintiffs prove willfulness, workers who did not get notice will not be able to benefit from it.

[4]     Exhibits 1-19 are attached to the Decl. of Molly A. Brooks In Support of Pls.' Mot. for Conditional Cert. and Court-Authorized Notice Pursuant to Section 216(b), ECF No. 34.  Exhibits 20-26 are attached to the Supp. Decl. of Molly A. Brooks, ECF No. 48.

**III.    Plaintiffs' Evidence Warrants Conditional Certification of a National Collective.**

Petco's argument that Plaintiffs' evidence is insufficient to support certifying a national collective, Def.'s Br. 13, ignores the weight of authority in this Circuit as well as Plaintiffs' evidence. Even if the Court applies a two-year statute of limitations at this stage, which is contrary to the case law in this Circuit, four Plaintiffs in three different states—Filippone (New Jersey), Doidge (New Jersey), Sereno (Connecticut), and Bradshaw (Kansas)—worked for Petco after December 18, 2012, two years before Plaintiffs filed the original Complaint in this action.[5]

Petco's purported defense that it made a *company-wide* decision to provide "2 Pet Stylist kits" per salon after November 2012, Def.'s Br. 21, further supports nationwide conditional certification because it demonstrates that Petco applies its policies to all employees uniformly, regardless of location. Although Plaintiffs dispute that the Pet Stylist kits were ever distributed to salons or that two kits would be sufficient,[6] the policy at issue did not vary from salon to salon.

Courts in this Circuit routinely grant conditional certification of national collectives based on evidence from a fraction of the locations where collective members work, combined with corporate documents demonstrating a widespread corporate policy. *See, e.g.*, *Flood*, 2015 WL 260436, at *2-3 (conditionally certifying an national FLSA collective involving 920 restaurants based on six employee declarations and corporate documents indicating centralized

---

[5]    Ex. 12 (Sereno Decl.) ¶ 1; Ex. 14 (Filippone Decl.) ¶ 1; Ex. 15 (Bradshaw Decl.) ¶ 1; Ex. 13 (Doidge Decl.) ¶ 1.

[6]    There is no evidence that the tools Petco claims it sent to stores were available to the employees or that they were sufficient to release Pet Stylists and Grooming Assistants from the obligation to purchase their own equipment in order to perform their jobs. Further, there is no evidence that Petco did anything to confirm or ensure delivery of the kits or that the kits were maintained in workable condition. *See* Ex. 20 (Weinand Tr.) 109:16-112:6, 145:24-176:20 (noting that the salon never communicated to corporate headquarters if it received the kit), 125:7-127:9 (Petco has no policy to ensure grooming equipment is maintained). In fact, Petco was aware salon employees continued to use their own equipment. *Id.* 171:25-172:13. All of these issues, while uniform, go to the merits.

3

control) (collecting cases); *Grant*, 2014 WL 1918602, at *4-5 (granting nationwide conditional certification based upon declarations from the named plaintiff and three class members, and identical job descriptions); *Guttentag v. Ruby Tuesday, Inc.*, No. 12 Civ. 3041, 2013 WL 2602521, at *2 (S.D.N.Y. June 11, 2013) & ECF Nos. 26 & 35 (Decl. of Adam Gonnelli) (conditionally certifying to a nationwide class based upon seven depositions and various corporate training and policy documents); *Lynch v. United Servs. Auto Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007). "[W]hen courts deny conditional certification of a nationwide class, they do so because the plaintiffs have made no factual showing of a nationwide policy" relevant to their allegations. *Guttentag*, 2013 WL 2602521, at *2. That is not the case here.

The cases Petco relies on, Def.'s Br. 13, are distinguishable because, unlike here, they involve plaintiffs who could not meet the minimal burden to show that they are similarly situated with other putative collective members nationwide. *See Anglada v. Linens N' Things*, No. 06 Civ. 12901, 2007 WL 1552511, *5 (S.D.N.Y. May 29, 2007) (nationwide collective action sought by one plaintiff with no additional declarations); *Sharma v. Burberry, Inc.*, 52 F. Supp. 3d 443, 459-61 (E.D.N.Y. Sept. 4, 2014) (provided only plaintiffs' own testimony regarding two store locations); *Smith v. Tradesmen Int'l, Inc.*, 289 F. Supp. 2d 1369, 1372 (S.D. Fla. 2003) (plaintiffs relied solely on three identical affidavits); *Trinidad v. Pret A Manger (USA)*, 962 F. Supp. 2d 545, 558-60 (S.D.N.Y. 2013) (plaintiffs' own testimony described inconsistent practices); *Lujan v. Cabana Mgmt., Inc.*, No. 10 Civ. 755, 2011 WL 317984, at *7-9 (E.D.N.Y. Feb. 1, 2011) (plaintiff relied on one affidavit from employee who worked at one location outside the statute of limitation); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 355-56 (E.D.N.Y. 2008) (plaintiffs' only evidence were three hearsay statements of questionable reliability and one declaration proffering "generalized allegations of wrongdoing").

**IV.      Minimal Differences in Compensation Are Irrelevant.**

Putative collective members are not differently situated because of minor variations in their respective pay plans or state minimum wage rates, and Petco does not cite to a single case supporting its proposition to the contrary. Rather, courts in this Circuit routinely certify FLSA collective actions involving employees subject to different pay plans and minimum wages. *See, e.g.*, *Flood*, 2015 WL 260436, at *4 (certifying nationwide minimum wage collective and listing five nationwide FLSA collective actions certified in this district in the last two years); *Sanchez v. La Cocina Mexicana, Inc.*, No. 09 Civ. 9072, 2010 WL 2653303, at *1 (S.D.N.Y. July 1, 2010) (certifying a collective where one plaintiff was paid differently from others). If different minimum wage rates barred certification, no FLSA case could ever be certified nationwide.

Further, these factors will only affect the amount of damages that the putative collective members are owed if the Court finds in their favor on the liability issues. Courts have overwhelmingly held that individualized damages issues do not defeat class certification even under Federal Rule of Civil Procedure 23's far stricter standard where, as here, the Court can decide substantial liability issues on a class-wide basis. *See, e.g.*, *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 409 (2d Cir. 2015) ("individualized" damages do not "preclude certification").

**V.      Grooming Assistants and Pet Stylists Were Subject to the Same Requirement that They Purchase Their Own Tools.**

Grooming Assistants and Pet Stylists are similarly situated regardless of the fact that they did not have identical job duties. *See* Def.'s Br. 14-15. It is well-established that "the fact that the employees held different positions at different locations does not prevent conditional certification" because employees are similarly situated "as long as they were subject to the same unlawful policy." *Harhash v. Infinity W. Shoes, Inc.*, No. 10 Civ. 8285, 2011 WL 4001072, at *3 (S.D.N.Y. Aug. 25, 2011) (collecting cases).

5

Petco does not contest that both Pet Stylists and Grooming Assistants, including Plaintiff Sereno, were required to purchase equipment for their jobs that brought them below the minimum wage.[7] *See Dolinski v. Avant Bus. Serv. Corp.*, No. 13 Civ. 4753, 2014 WL 316991, at *5-6 (S.D.N.Y. Jan. 28, 2014) (certifying a collective based on employer's policy of requiring plaintiffs to purchase "tools of the trade") (citing 29 C.F.R. §§ 531.32(c), 531.35). Instead, Petco contends that they are not similarly situated because the tools Grooming Assistants and Pet Stylists need for those jobs are not identical. *See* Def.'s Br. 15. At most, the purchase of different tools could result in different damages, which is irrelevant to conditional certification. *See supra* Section IV. Petco cannot dispute that both Pet Stylists and Grooming Assistants were required to purchase equipment that brought them under the minimum wage.

## VI. Plaintiffs Amply Demonstrate that Pet Stylists and Grooming Assistants Nationwide Were Subject to a Common Policy that Violated the Law within the Limitations Period.

Petco's argument that there is no evidence of a common policy, Def.'s Br. 20-21, is wrong and refuted by the record. Plaintiffs' testimony, Petco's own documents—its "Frequently Asked Questions," Ex. 16,[8] and its "Grooming Operations," Exs. 21-23, all demonstrate that Pet Stylists and Groomers were required to purchase the equipment they needed to perform their jobs.[9] Petco's contention that it did not have a "formal" policy requiring its Pet Stylists and

---

[7] Ex. 8 (Kucker Tr.) 24:16-17, 31:16-24, 35:4-10; Ex. 9 (Sereno Tr.) 9:6-8; 10:6-11:2, 52:16-53:6; 56:8-57:24, 86:9-21; Ex. 10 (Kucker Decl.) ¶ 18; Ex. 11 (Urbine Decl.) ¶ 17; Ex. 12 (Sereno Decl.) ¶ 16; Ex. 14 (Filippone Decl.) ¶ 17; Ex. 15 (Bradshaw Decl.) ¶ 16; AC ¶ 218.

[8] Petco's July 5, 2007 "Frequently Asked Questions" document, Ex. 16, stating that Pet Stylists are required to provide their own equipment, is "probative of [Petco's] wage and hour practices" because it "corroborates] the claims of more recent violations." *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 516 (S.D.N.Y. 2011) (collecting cases); *see* Def.'s Br. 20-21.

[9] *See, e.g.*, AC ¶¶ 218, 229, 234, 238, 244, 251, 261, 287, 294, 304, 310; Ex. 8 (Kucker Tr.) 24:13-25:20, 31:10-32:13, 51:2-17, 51:24-53:5; Ex. 9 (Sereno Tr.) 10:8-11:15, 14:24-15:15, 17:3-11, 19:11-24, 22:3-23:6, 26:23-27:10, 29:2-12; 30:2-31:13, 55:22-56:7, 67:3-12, 77:6-78:8;

Grooming Assistants to purchase equipment makes no difference in light of the unrebutted evidence from multiple salon locations that they were required to do so. *See Chhab v. Darden Rests., Inc.*, No. 11 Civ. 8345, 2013 WL 5308004, at *10, 17 (S.D.N.Y. Sept. 20, 2013) (certifying a nationwide conditional collective with respect to defendants' *de facto* policy of requiring off the clock work); *Guttentag*, 2013 WL 2602521, at *2-3 (same).

Petco's assertion that beginning in November 2012 it sent some grooming equipment to its salons, Def.'s Br. 20-22, is nothing more than an argument on the merits that is irrelevant at this stage. *See Lopez v. JVA Indus., Inc.*, No. 14 Civ. 9988, 2015 WL 5052575, at *2 (S.D.N.Y. Aug. 27, 2015) (courts do not, at this stage, "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations") (internal quotation marks omitted). This does not change the fact that Pet Stylists and Grooming Assistants purchased equipment for which Petco did not reimburse them.

Moreover, Petco's so-called "rollout" decision, Def.'s Br. 5-6, does not extinguish Plaintiffs' claims. Even when an employer has an "express written policy," courts look at what the employer "did rather than what it said." *Donovan v. Burger King Corp.*, 675 F.2d 516, 519 (2d Cir. 1982). Plaintiffs' sworn declarations, Petco's policies, and deposition testimony, demonstrate that Petco required Grooming Assistants and Pet Stylists to purchase their own equipment after November 2012.[10] *Cf.* Weinand Decl. ¶¶ 11-12, 19; Ex. 20 (Weinand Tr.) 75:17-77:7; 140:20-141:10 (Petco did not evaluate the effect of the roll out on required equipment purchases or confirm its implementation); 172:20-173:5 (Weinand observed Pet

---

85:7-16; Ex. 10 (Kucker Dec.) ¶¶ 10-12, 14, 19; Ex. 11 (Urbine Dec.) ¶¶ 10-13, 15, 18; Ex. 12 (Sereno Dec.) ¶¶ 10-12, 14-15, 17; Ex. 13 (Doidge Dec.) ¶¶ 10-12, 14-17; Ex. 14 (Filippone Dec.) ¶¶ 10-12, 14-16, 18; Ex. 15 (Bradshaw Dec.) ¶¶ 10-12, 14-15, 17.

[10]   Ex. 24 (Sereno Supp. Decl.) ¶¶ 3-7; Ex. 25 (Fillipone Supp. Decl.) ¶¶ 2-7; Ex. 26 (Bradshaw Supp. Decl.) ¶¶ 2-7; Exs. 1-4, 6-16, Ex. 9 (Sereno Tr.) ¶¶ 30:5-31:13.

Stylists using their own equipment); *Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326, 2013 WL 494020, at *6 (S.D.N.Y. Feb. 7, 2013) ("it is sufficient to show that a facially lawful policy was implemented in an unlawful manner, resulting in a pattern or practice of FLSA violations.") (citation omitted). Plaintiffs have sufficiently alleged facts to establish that similarly situated plaintiffs exist before and after November 2012.

Further, while the merits of Petco's defense are for another day, the fact that it asserts this defense uniformly as to all Pet Stylists and Grooming Assistants nationwide further supports national conditional certification. *See Pippins*, 2012 WL 19379, at *12 (it would be "shocking" to learn employees were not similarly situated when subject to uniform rules).

Petco's cases, Def.'s Br. 22, miss the mark. In *Eng-Hatcher v. Sprint Nextel Corp.*, plaintiff only relied on her own deposition despite almost four months of discovery, hundreds of documents exchanged, and at least four depositions taken by the plaintiff. No. 07 Civ. 7350, 2009 WL 7311383, at *3 (S.D.N.Y. Nov. 13, 2009). In *Morales v. Plantworks*, the plaintiffs submitted only an affidavit by their attorney, attaching a complaint, a proposed "opt in" form, copies of a settlement form, and copies of four payroll stubs for the two named plaintiffs. No. 05 Civ. 2349, 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006). And in *Ahmed v. T.J. Maxx Corp.*, the Court found that two geographically-similar plaintiffs' testimony, absent a showing of common corporate policies, failed to create an inference of nationwide similarities. No. 10 Civ. 3609, 2013 WL 2649544, at *13-15 (June 8, 2013).

**VII. Plaintiffs' Proposed Notice Is Appropriate.**

Notice should to be distributed to all potential plaintiffs employed within three years of April 28, 2015, to preserve the rights of class members from being compromised by the parties' good-faith attempt to settle this matter. Pursuant to the parties' Tolling Agreement, all putative collective members' FLSA statute of limitations in the states with Rule 23 claims were tolled on

April 28, 2015 in order to facilitate settlement discussions. ECF No. 23 & Ex. No. 17, ECF No. 34-17 ("Tolling Agreement"). Potential plaintiffs' rights should not be compromised by the Parties' attempts to resolve this matter. Such equitable considerations are appropriate here. Where potential plaintiffs may be barred from participating in an action due to a delay in notice, courts "will permit notice to be distributed to all potential plaintiffs employed within three years of the date of the filing of the Complaint." *Lopez*, 2015 WL 5052575, at *6.

Equitable considerations also favor a 90-day notice period because the putative class consists of thousands of lower-income workers spread throughout the country. *See Fang v. Zhuang*, No. 10 Civ. 1290, 2010 WL 5261197, at *4 (E.D.N.Y. Dec. 1, 2010).

**VIII. The Court Should Reject Petco's Request that Plaintiffs Hire a Third-Party Administrator to Issue Notice.**

There is no basis for Petco's request that the Court require Plaintiffs to hire a third-party administrator to issue notice. The "bulk of the district courts in this Circuit" refuse demands to impose this added expense unless there is good reason to do so. *Strauch v. Computer Scs. Corp.*, No. 14 Civ. 956, 2015 WL 3727804, at *7 (D. Conn. June 9, 2015) (quoting *Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472, 2012 WL 1193836, at *7 (S.D.N.Y. Apr. 6, 2012)).[11]

Here, there is no good reason. Petco's only argument that Plaintiffs should not be allowed to send the notice themselves is that Plaintiffs' counsel purportedly engaged in improper solicitation. This claim is without support in the record and is incorrect. Petco submits no evidence that Plaintiffs' counsel acted improperly. Petco points only to Kucker's statement that she received email communication from Plaintiffs' counsel and subsequently decided to become a plaintiff in this lawsuit. ECF No. 44-1 (Kucker Tr.) 13:5-22, 14:5-24. This testimony does not

---

[11] *See also Pippins v. KPMG LLP*, No. 11 Civ. 0377, 2012 WL 19379, at *15 (S.D.N.Y. Jan. 3, 2012); *Diaz v. Scores Holding Co.*, No. 07 CIV. 8718, 2008 WL 7863502, at *5 n.2 (S.D.N.Y. May 9, 2008).

describe anything improper or unethical. *See* N.Y. St. R.P.C. Rule 7.3 (barring solicitation by *real-time or interactive* computer-accessed communication not emails). In fact, Plaintiffs' counsel are well aware of their ethical obligations, including the requirement under N.Y. St. R.P.C. Rule 7.3 that any solicitation containing certain information must be filed with the attorney disciplinary committee of the judicial district or judicial department wherein the lawyer or law firm maintains its principal office. *See* Supp. Brooks Decl. ¶ 4.

Moreover, Petco had the opportunity to ask anything it chose about the email that Kucker mentioned but (wisely) decided to move on to other areas of questioning. Plaintiffs' counsel did not object or instruct Kucker not to answer. ECF No. 44-1 (Kucker Dep.) 13:5-14:24.

Petco's cases, Def.'s Br. 24, are inapposite. *See J.S. ex rel. Attica Central Schools*, No. 00 Civ. 513S, 2006 WL 581187 (Mar. 8, 2006) (ordering the use of a third-party claims administrator to protect the privacy interests of disabled children); *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128 (N.D. Cal. 2009) (expressly allowing potential plaintiffs to contact Plaintiffs' counsel using contact information provided on the notice itself).

Finally, Petco's disappointment that its unlawful practices were investigated is contrary to the broad remedial purpose of the FLSA, which is furthered by such investigations. *Gordon v. Kaleida Health*, 737 F. Supp. 2d 91, 98 (W.D.N.Y. 2010).

## IX. Conclusion.

For the foregoing reasons, as well as the reasons set forth in Plaintiffs' opening memorandum, ECF No. 33, Plaintiffs respectfully request that the Court certify the proposed collective, authorize Plaintiffs to issue notice, and require Petco to produce the collective member contact information that Plaintiffs requested.

Dated: October 30, 2015
New York, New York

Respectfully submitted,

By: /s/ Molly A. Brooks
Molly A. Brooks

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Molly A. Brooks
Sally J. Abrahamson
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Email: jms@outtengolden.com
Email: mb@outtengolden.com
Email: sabrahamson@outtengolden.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz, *pro hac vice* motion forthcoming
Susan H. Stern, *pro hac vice* motion forthcoming
1515 S. Federal Hwy, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Email: gshavitz@shavitzlaw.com
Email: sstern@shavitzlaw.com

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank Mazzaferro
475 Park Avenue South, 12th Floor
New York, NY 10016
Telephone: (212) 300-0375
Email: bschaffer@fslawfirm.com
Email: fmazzaferro@fslawfirm.com

11