UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISTINA KUCKER, et al.,

                      Plaintiff,

       -against-

PETCO ANIMAL SUPPLIES STORES, INC.,

                      Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/17
```

14cv9983 (DF)

**ORDER APPROVING SETTLEMENT, SERVICE AWARDS, AND ATTORNEYS' FEES AND COSTS**

**DEBRA FREEMAN, United States Magistrate Judge:**

    In this action under the Fair Labor Standards Act ("FLSA") and state law, before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). In connection with their request for judicial approval of the settlement, certain proposed service awards, and their requested attorneys' fees and costs, Plaintiffs have also made a substantial, unopposed submission detailing why they believe the proposed settlement, including the service awards and the proposed award of fees and costs, would be fair, reasonable, and adequate. (*See* Motion for Settlement Approval (Dkt. 148); supporting Memorandum of Law in Support of the Motion for Settlement Approval (Dkt. 149); supporting Declaration of Molly A. Brooks, Esq. ("Brooks Decl."), and exhibits thereto (Dkt. 154); additional supporting declarations (Dkts. 151, 152).) Further, at the Court's request, the parties have jointly supplemented Plaintiffs' original submissions with a letter addressing certain issues that were raised by the Court upon its initial review of Plaintiffs' motion for approval of the settlement. (Dkt. 155.) This Court has now reviewed all of the parties' submissions in order to determine whether the proposed agreement

represents a reasonable compromise of the claims asserted in this action. In light of the totality of the relevant circumstances, including the representations made in the parties' submissions, the terms of the proposed settlement agreement, and this Court's own familiarity with the strengths and weaknesses of the parties' positions, it is hereby ORDERED as follows:

1. The Court finds that the terms of the proposed settlement agreement (Brooks Decl., Ex. A) are fair, reasonable, and adequate, both to redress the claims made in this action by the named Plaintiffs and opt-in members of the FLSA collective, to compensate the named Plaintiffs for their service, and to compensate Plaintiffs' counsel for their legal fees and costs, and the agreement is therefore approved, except that – with the understanding that the parties are prepared to consent to this modification – paragraph 5.2 ("Release by Service Award Recipients") shall be considered modified to read as follows:

> In addition to the waiver and release contained in Section 5.1 above, the service award recipients, their respective heirs, executors, administrators, successors and assigns, voluntarily release and forever discharge Defendants, and any of their owners, subsidiaries, divisions, affiliated entities, agents, officers, principals, trustees, administrators, executors, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, both individually and in their official capacities (collectively "Releasees") of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, *that were either raised in this action or that could have been raised in this action, including any claim for costs, fees, or other expenses, including attorneys' fees,* based upon any conduct occurring up to and including the date of each service award recipient's execution of this Agreement.

If any party does not, in fact, consent to this modification of the settlement agreement, then such party shall immediately inform the Court of its lack of consent.

2. The Court approves the proposed Notice of Settlement and the proposed plan for its distribution.

3. The Court approves the Service Awards for named plaintiffs Kristina Kucker, Sonny Urbine, Magda Alexandra Sereno, Amy Doidge, Jill Filippone, and Heather Bradshaw.

4. The Court grants Plaintiffs' request for attorneys' fees and out-of-pocket costs.

5. The Court approves Rust Consulting, Inc., as the Settlement Claims Administrator.

6. The Court notes that this Order does not incorporate the terms of the parties' proposed agreement. Nonetheless, in accordance with the parties' request, this Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement, if necessary.

7. As a result of the Court's approval of the parties' proposed settlement, and the fact that the parties have placed before the Court a fully executed copy of their settlement agreement, this action is hereby dismissed with prejudice.

8. The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
      April 11, 2017

SO ORDERED

_/s/ Debra Freeman_
DEBRA FREEMAN
United States Magistrate Judge

Copies To:
All Counsel (via ECF)